UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| LITTLE SIX, INC., d/b/a MYSTIC LAKE CASINO HOTEL,<br><br>Plaintiff,<br><br>vs.<br><br>NATIVE ADVERTISING, INC. d/b/a WWW.DOMAINNAME4LEASE.COM, d/b/a DOMAINS 4 LEASE, ISIS ENTERPRISES, INC., AND <MYSTICLAKECASINO.NET> DOMAIN NAME,<br><br>Defendants. | Civil Docket No. 00-CV-520 (RHK/JMM) |

**ORDER OF JUDGMENT BY DEFAULT**

Little Six, Inc., d/b/a Mystic Lake Casino Hotel, (hereinafter "LSI"), Plaintiff in the above-entitled cause, came before the Court on September 18, 2000, represented by its attorney, Steven F. Olson, on a motion for default judgment. At that hearing, the Court requested further briefing on various issues. LSI having provided that briefing and a modified motion for default, and after a hearing before the Court on October 20, 2000, the Court having determined that the facts and law of this matter warrant entry of judgment of default, the Court hereby **ORDERS** as follows:

a) Judgment in favor of Little Six, Inc. d/b/a Mystic Lake Casino Hotel and against defendants is entered on all of Mystic Lake Casino Hotel's claims;

FILED OCT 20 2000
FRANCIS E. DOSAL, CLERK
JUDGMENT ENT'D OCT 20 2000
DEPUTY CLERK

b) Defendants, their officers, agents, subsidiaries, servants, partners, licenses, employees, attorneys and all others in active concert or participation with them, are permanently enjoined and restrained from:

1. Using, transferring, trafficking, or maintaining the <mysticlakecasino.net> Internet domain name;

2. Using, registering, or maintaining as a trademark, service mark, trade name component, Internet domain name, or otherwise, any of the Mystic Lake Casino Hotel marks, or any other mark, logo, name or designation that gives rise to a likelihood of confusion, mistake or deception with respect to the Mystic Lake Casino Hotel marks, or in any way dilutes the distinctiveness of the Mystic Lake Casino Hotel marks; and

3. Doing any other act likely to induce the mistaken belief that Defendants, their licensees, their products, services, commercial activities, information, Internet Domain or Internet domain names, are in any way affiliated, connected, or associated with Mystic Lake Casino Hotel or its goods or services.

The basis for entering this injunction is that defendant has intentionally and in bad faith registered the domain name <mysticlakecasino.net> with the intent to infringe upon Mystic Lake Casino Hotel's protected marks.

c) It is hereby ordered that the internet domain name <mysticlakecasino.net> is transferred to Little Six, Inc., d/b/a Mystic Lake Casino Hotel.

d) Defendants are ordered, pursuant to 15 U.S.C. § 1118, to deliver up and destroy all labels, packages, brochures, wrappers, advertisements, promotions and all

other matter in the custody or control of Defendants bearing any of the Mystic Lake Casino Hotel marks, the Internet domain name, <mysticlakecasino.net>, or any other Internet domain names confusingly similar to or dilutive of the Mystic Lake Casino Hotel marks.

e) Defendants are ordered, pursuant to 15 U.S.C. § 1116, to file with the Court and serve on Mystic Lake Casino Hotel within thirty (30) days after service on defendants of the injunction, a report in writing and under oath setting forth in detail the manner and the form in which Defendants have complied with the injunction.

f) Defendants are ordered to pay to Mystic Lake Casino Hotel statutory damages pursuant to 15 U.S.C. § 1117(d and i), in the amount of $100,000.

g) Defendants are ordered to pay Mystic Lake Casino Hotel's reasonable attorney fees, costs, expenses and interest pursuant to 15 U.S.C. §1117(a), in an amount to be set by further order of this Court.

LET JUDGMENT BE ENTERED ACCORDINGLY

Dated this 20th day of October, 2000

Judge of the United States District Court
District of Minnesota

# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

## CIVIL NOTICE

DATE MAILED TO COUNSEL/PRO SE PARTIES:

The purpose of this notice is to summarize the time limits for filing with the District Court Clerk's Office a Notice of Appeal to the Eighth Circuit Court of Appeals from a final decision of the District Court in a civil case.

***This is a summary only. For specific information on the time limits for filing a Notice of Appeal, review the applicable federal civil and appellate procedure rules and statutes.***

Rule 4(a) of the Federal Rules of Appellate Procedure (Fed. R. App. P.) requires that a Notice of Appeal be filed within:

1. Thirty days (60 days if the United States is a party) after the date of "entry of the judgment or order appealed from;" or

2. Thirty days (60 days if the United States is a party) after the date of entry of an order denying a timely motion for a new trial under Fed. R. Civ. P. 59; or

3. Thirty days (60 days if the United States is a party) after the date of entry of an order granting or denying a timely motion for judgment under Fed. R. Civ. P. 50(b), to amend or make Additional findings of fact under Fed. R. Civ. P. 52(b), and/or to alter or amend the judgment under Fed. R. Civ. P. 59; or

4. Fourteen days after the date on which a previously timely Notice of Appeal was filed.

If a Notice of Appeal is not timely filed, a party in a civil case can move the District Court pursuant to Fed. R. App. P. 4(a)(5) to extend the time for filing a Notice of Appeal. This motion must be filed no later than 30 days after the period for filing a Notice of Appeal expires. If the motion is filed after the period for filing a Notice of Appeal expires, the party bringing the motion must give the opposing parties notice of it. The District Court may grant the motion, but only if excusable neglect or good cause is shown for failing to file a timely Notice of Appeal.

C:\FORMS\APPEAL NO. CIV
Rev. August 11, 1995

# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

### Prehearing Conference Program

The United States Court of Appeals for the Eighth Circuit has established an early intervention Prehearing Conference Program. The purpose of the program is twofold: (1) to facilitate settlement discussions in civil cases by providing an impartial atmosphere for an open discussion of the case and alternative methods of disposition and (2) to promote the delineation of issues, early resolution of procedural problems, and effective administration of an appeal throughout the appellate process. See 8th Cir. R. 33A.

The program is directed by Mr. John Martin. Mr. Martin screens newly filed appeals based on information furnished by both appellants and appellees in the court's Appeal Information Forms A and B. Contact with counsel is by telephone and in personal conferences held in several cities throughout the Circuit. All communications with Mr. Martin are confidential. Counsel can openly discuss and evaluate the issues and explore alternatives in a non-adversarial setting without fear that the subsequent processing of the appeal or ultimate disposition of the case will be adversely affected by participation in the program.

Participation in the program is voluntary. However, the Court strongly encourages your participation and cooperation. Over the past twenty years, the program has enabled many appellate litigants to achieve mutually satisfactory resolution of certain issues or an overall settlement prior to progressing through all stages of the appellate process. Issue delineation enables counsel to focus only on those issues that need judicial resolution. The program has helped relieve the ever-increasing caseload confronting the Court, and it has also saved litigants and attorneys substantial amounts of time and money.

In order for the program to function effectively certain information must be provided at the initiation of the appeal. *Eighth Circuit Rule 3B directs each civil appellant to: (1) file a completed Appeal Information Form A with the Notice of Appeal at the time the Notice is filed with the District Court clerk and (2) forward a copy of the completed Form A and a copy of Appeal Information Form B to the appellee for completion.* Appellee may complete Form B and send it to the clerk of the Court of Appeals. If you have any questions about the Prehearing Conference Program or the Appeal Information Forms, please contact Mr. Martin at (314)-539-3669.

Forms A and B are available from the District Court clerk and the Court of Appeals clerk and can be found at the Court of Appeals' web site at: www.ca8.uscourts.gov

*June 1, 2000*